℀JS 44  (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MURRAY KIMMEL

## DEFENDANTS
NCO FINANICAL SYSTEMS, INC.

**(b)**  County of Residence of First Listed Plaintiff _____

County of Residence of First Listed Defendant _____

**(c)**  Attorney's (Firm Name, Address, Telephone Number and Email Address)

Tara L. Patterson, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

| | |
|---|---|
| ❏ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ❏ 2  U.S. Government Defendant | ❏ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                              and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane / ❏ 362 Personal Injury - | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product     Med. Malpractice | ❏ 625 Drug Related Seizure   28 USC 157 | | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument |   Liability / ❏ 365 Personal Injury - |   of Property 21 USC 881 | | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel &     Product Liability | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 460 Deportation |
|   & Enforcement of Judgment |   Slander / ❏ 368 Asbestos Personal | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 470 Racketeer Influenced and |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers'     Injury Product | ❏ 650 Airline Regs. | ❏ 830 Patent |   Corrupt Organizations |
| ❏ 152 Recovery of Defaulted |   Liability     Liability | ❏ 660 Occupational | ❏ 840 Trademark | ☒ 480 Consumer Credit |
|   Student Loans | ❏ 340 Marine   **PERSONAL PROPERTY** |   Safety/Health | | ❏ 490 Cable/Sat TV |
|   (Excl. Veterans) | ❏ 345 Marine Product / ❏ 370 Other Fraud | ❏ 690 Other | | ❏ 810 Selective Service |
| ❏ 153 Recovery of Overpayment |   Liability / ❏ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❏ 850 Securities/Commodities/ |
|   of Veteran's Benefits | ❏ 350 Motor Vehicle / ❏ 380 Other Personal | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) |   Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle     Property Damage |   Act | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge |
| ❏ 190 Other Contract |   Product Liability / ❏ 385 Property Damage | ❏ 720 Labor/Mgmt. Relations | ❏ 863 DIWC/DIWW (405(g)) |   12 USC 3410 |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal     Product Liability | ❏ 730 Labor/Mgmt.Reporting | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise |   Injury |   & Disclosure Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ❏ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❏ 892 Economic Stabilization Act |
| ❏ 210 Land Condemnation | ❏ 441 Voting / ❏ 510 Motions to Vacate | ❏ 790 Other Labor Litigation | ❏ 870 Taxes (U.S. Plaintiff | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 442 Employment     Sentence | ❏ 791 Empl. Ret. Inc. |   or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/   **Habeas Corpus:** |   Security Act | ❏ 871 IRS—Third Party | ❏ 895 Freedom of Information |
| ❏ 240 Torts to Land |   Accommodations / ❏ 530 General | |   26 USC 7609 |   Act |
| ❏ 245 Tort Product Liability | ❏ 444 Welfare / ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 900 Appeal of Fee Determination |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - / ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | |   Under Equal Access |
| |   Employment / ❏ 550 Civil Rights | ❏ 463 Habeas Corpus - | |   to Justice |
| | ❏ 446 Amer. w/Disabilities - / ❏ 555 Prison Condition |   Alien Detainee | | ❏ 950 Constitutionality of |
| |   Other | ❏ 465 Other Immigration | |   State Statutes |
| | ❏ 440 Other Civil Rights |   Actions | | |

## V. ORIGIN  (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ❏ 2 Removed from State Court   ❏ 3 Remanded from Appellate Court   ❏ 4 Reinstated or Reopened   ❏ 5 Transferred from another district (specify)   ❏ 6 Multidistrict Litigation   ❏ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Section 1692

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ❏ No

## VIII. RELATED CASE(S)  (See instructions):

JUDGE _____   DOCKET NUMBER _____

Explanation:

DATE  3/15/10

SIGNATURE OF ATTORNEY OF RECORD  *Tara L Patterson*

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 8580 Verree Road, Unit 506, Philadelphia, PA 19111

Address of Defendant: 507 Prudential Road, Horsham, PA 19044

Place of Accident, Incident or Transaction: 8580 Verree Road Unit 506, Philadelphia PA 19111
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes☐   No☒

Does this case involve multidistrict litigation possibilities?      Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
      Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
      Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
      Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
      Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A.  *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases  15 U.S.C §1692
    (Please specify)

B.  *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability --- Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Tara L Patterson, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 3/15/10      Tara L. Patterson      88343
                   Attorney-at-Law        Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/15/10      Tara L Patterson      88343
                   Attorney-at-Law        Attorney I.D.#

CIV. 609 (6/08)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Murray Kimmel                          :      CIVIL ACTION
                      v.               :
NCO Financial Systems, Inc.            :      NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.               ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

3/15/10                 Tara L. Patterson              Murray Kimmel
**Date**                **Attorney-at-law**            **Attorney for**

(215) 540-8888          (215) 540-8817                 tpatterson@creditlaw.com
**Telephone**           **FAX Number**                 **E-Mail Address**

(Civ. 660) 10/02

Craig Thor Kimmel, Esq.
Kimmel & Silverman, P.C.
30 East Butler Avenue
Ambler, PA 19002
T: (215) 540-8888; F: (800) 863-1689
ckimmel@lemonlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MURRAY KIMMEL,<br><br>      Plaintiff<br><br>     v.<br><br>NCO FINANCIAL SYSTEMS, INC.,<br><br>      Defendant | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT

MURRAY KIMMEL ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC., ("Defendant"):

### INTRODUCTION

1.     Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C.

1367 grants this court supplemental jurisdiction over the state claims contained therein.

3.     Defendant conducts business and has an office in the state of Pennsylvania, and therefore, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

5.     Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

**PARTIES**

6.     Plaintiff is a natural person residing at 8580 Verree Road, Unit 506, Philadelphia, PA 19111.

7.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

8.     Defendant is a national debt collection company with corporate headquarters located at 507 Prudential Road, Horsham, Pennsylvania, 19044-2308.

9.     Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11.     Defendant repeatedly and harassingly placed calls to Plaintiff's family members, seeking to collect a debt allegedly owed by Plaintiff.

- 2 -

PLAINTIFF'S COMPLAINT

12.    It is a common tactic, albeit a violation of the FDCPA, for a debt collector to contact family members of an alleged debtor when unable to successfully reach the debtor.

13.    Defendant began placing repeated calls to Plaintiff's family members after it failed to communicate with Plaintiff.

14.    Defendant repeatedly placed collection calls and disclosed its identity as a debt collector to Plaintiff's four adult sons.

15.    Upon information and belief, during these telephone calls Defendant improperly revealed its purpose for calling was related to the collection of a debt.

16.    Moreover, Defendant made material misrepresentations to Plaintiff's sons in an effort to acquire information about Plaintiff.  In particular, Defendant misrepresented that Plaintiff had furnished their names and numbers as "contacts" on account in place of Plaintiff, when in reality no such thing had ever occurred.

17.    Defendant's calls to Plaintiff's sons began in February of 2009 and continued for months.

18.    Defendant began to constantly and continuously place collection calls to son Kenneth Kimmel.

19.    Kenneth Kimmel and his family advised Defendant that Plaintiff did not live at the residence and that the calls were unwelcome and must cease immediately.

20.    Defendant, however, ignored this request and continued to make calls concerning Plaintiff to Plaintiff's son, Kenneth Kimmel.

21.    Defendant also placed calls to the business telephone number of Plaintiff's son, Kenneth Kimmel.

22.     Kenneth Kimmel told Defendant that he was not the Plaintiff, Murray Kimmel, that the number being called was Kenneth Kimmel's business office and that the calls were to cease immediately.

23.     Kenneth Kimmel was told that Plaintiff had given his name and number as a contact on the account.

24.     NCO also placed improper calls to Plaintiff's son, Brian Kimmel.

25.     On or about June 11, 2009, James West (hereafter "Mr. West") of NCO (866-284-4373) called Brian Kimmel's place of employment.

26.     Mr. West, identifying himself as an attorney, demanding to speak to Plaintiff.  Brian Kimmel explained that he was not Murray Kimmel and asked not to be called again.

27.     In response to this proper request, Mr. West was disrespectful and rude.

28.     When Brian Kimmel asked how his phone number was obtained, Defendant misrepresented that Plaintiff had given Brian's name and number as a "contact on the account".

29.     On June 12, 2009, Brian Kimmel, arrived home at the end of the day and received yet another voicemail message on his home answering machine from NCO.

30.     On this occasion, Jeff Muir of NCO Financial Systems at 888-899-8041 ext. 5141 had left a message for Plaintiff on Brian Kimmel's answering machine.

31.     Brian Kimmel informed Defendant that Plaintiff does not live at the home, does not work in the office and cannot be reached at either telephone number dialed.

32.   Defendant placed multiple calls to the home telephone number of Plaintiff's son, Douglas Kimmel in the Spring of 2009.

33.   Douglas Kimmel and his family advised Defendant that Plaintiff did not live at the residence and that the calls were unwelcome and must cease immediately.

34.   Defendant, however, ignored this request and continued to make calls concerning Plaintiff to Plaintiff's son, Douglas Kimmel.

35.   Douglas Kimmel asked how his phone number was obtained, to which Defendant misrepresented that Plaintiff, Murray Kimmel had given his name and number as a "contact on the account".

36.   Also in the Spring of 2009, Defendant placed multiple calls to the home telephone number of Plaintiff's son, Craig Kimmel.

37.   Craig Kimmel and his family advised Defendant that Plaintiff did not live at the residence and that the calls were unwelcome and must cease immediately.   Defendant ignored this request and continued to make calls concerning Plaintiff to Craig Kimmel.

38.   Defendant also placed calls to the business telephone number of Plaintiff's son.

39.   Craig Kimmel told Defendant that he was not the Plaintiff, and to cease calling immediately.

40.   When asked how his phone number was obtained, Defendant again misrepresented that Plaintiff gave the name and number as a contact on the account.

41.   All sons were third parties to the alleged debt.

42.     Defendant conducted its collection activities in ways that were factually misrepresented and in violation of the FDCPA.


## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

43.     Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692 generally.*

   b. Defendant violated *§1692(b)(2)* of the FDCPA by regularly contacting Plaintiff's sons, seeking to collect the debt of Plaintiff, after being told repeatedly that Plaintiff did not reside at the address/number being called.

   c. Defendant violated *§1692e(10)* by misrepresenting that Plaintiff had given his sons' names and numbers as contacts on the account, when in reality Plaintiff had taken none such action.

44.     As a direct and proximate result of one or more or all of the statutory violations above, Plaintiff has suffered emotional distress.


WHEREFORE, Plaintiff, MURRAY KIMMEL, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

   a. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

   b. Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

c.  Actual damages,

d.  Costs and reasonable attorneys' fees pursuant to the Fair Debt

Collection Practices Act, 15 U.S.C. 1692k

e.  Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MURRAY KIMMEL, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED:  March 12, 2010          KIMMEL & SILVERMAN, P.C..

By: /s/ Tara L. Patterson
Tara L. Patterson
Attorney ID # 88343
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (215) 540-8817
Email: tpatterson@creditlaw.com

- 7 -

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF ___PENNSYLVANIA___

    Plaintiff, MURRAY KIMMEL, state as follows:

1.    I am the Plaintiff in this civil proceeding.
2.    I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.    I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4.    I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.    I have filed this Complaint in good faith and solely for the purposes set forth in it.
6.    Each and every exhibit I have provided to my attorneys, which has been attached to this Complaint, is a true and correct copy of the original.
7.    Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

    Pursuant to 28 U.S.C. § 1746(2), I, MURRAY KIMMEL, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: ___3/12/10___        ___Murray Kimmel___
                                    MURRAY KIMMEL